UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel J. Lewis,<br>a.k.a. Samuel Jerome Lewis,<br>a.k.a. Sammy Jerome Lewis, # 140863,<br><br>                Plaintiff,<br><br>vs.<br><br>The State of South Carolina,<br><br>                Defendant. | ) C/A No. 4:11-2450-GRA-TER<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

      Plaintiff, Samuel J. Lewis, also known as Samuel Jerome Lewis and Sammy Jerome Lewis, # 140863, ("Plaintiff"), is a state prisoner in the South Carolina Department of Corrections' Evans Correctional Institution ("ECI") in Bennettsville, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this civil action, which he has entitled "Tort Claim Negligence of the State Complaint," naming the State of South Carolina as the sole Defendant. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

      Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C.

§1915(e)(2)(B)(i) and (ii).  As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

On its face, Plaintiff's Complaint[1] is a "claim for negligence of the state for allowing inmate to assault Plaintiff."  *See* ECF No. 25, p. 1; ECF No. 22, p. 1; ECF No. 19, p. 3.; ECF No. 1, p. 1..  Plaintiff is attempting to file a tort claim for negligence against the State of South Carolina for: (1) failure to protect Plaintiff from being assaulted by another inmate, Eugene Gause # 136176, Plaintiff's former roommate in ECI, who allegedly pushed Plaintiff down a flight of stairs on

---

[1] Plaintiff's initial pleading in this case, a handwritten document, filed on September 13, 2011, is entitled "Motion for Permission to File a Late Claim - Tort Actions - Section 10(6) of the Court of Claim Act for filing late claim."  ECF No. 1.  On October 28, 2011, Plaintiff filed an additional handwritten document, entitled "S.C. Court of Claims Tort Claim," in which he reiterates the allegations of his original fling and adds a request for monetary damages.  ECF No. 19.  This second filing has been docketed as an attachment to Plaintiff's Complaint.  On December 1, 2011, Plaintiff filed another handwritten document entitled "Tort Claim Negligence of the State Complaint."  ECF No. 22.  This document elaborates on some of the details in Plaintiff's prior filings, but essentially restates and incorporates all of the same factual allegations and the request for relief contained in ECF Nos. 1 and 19.  The December 1, 2011 filing has been docketed as a proposed document, which the undersigned construes, together with ECF Nos. 1 and 19, as the operative pleading in this case.  An identical copy of ECF No. 22 was also docketed on December 1, 2011 at ECF No.25, as an additional attachment to Plaintiff's Complaint.  The undersigned has carefully reviewed all of Plaintiff's filings in this case and this report hereinafter refers to ECF Nos. 1, 19, 22, and 25, collectively, as the Complaint in this case.

2

November 22, 2007, breaking Plaintiff's neck; and (2) deliberate indifference to Plaintiff's serious medical needs by several of ECI's correctional officers and members of the medical staff, who are identified in Plaintiff's Complaint but are not named as Defendants. Plaintiff alleges that, after the incident, these individuals told Plaintiff that they thought he was "faking," and they failed to provide adequate medical attention to Plaintiff until he was finally taken, the following day November 23, 2007, first to Marlboro Park Hospital in Bennettsville, SC, then to McLeod Medical Center in Florence, SC. Plaintiff alleges that he underwent surgery, after another four-day delay "cause there [were] no fluids in [his] body," during which 16 to 18 screws were put into his spine and a metal cross link and rod were put into his neck "holding [his] neck for the rest of [his] life." Plaintiff alleges that he was discharged from Florence Rehabilitation Medical on January 3, 2008, but had no use of his arms, hands and legs, and that he was in constant pain on his left side. Plaintiff alleges that he is "on life time medication," and still very weak with "central cord syndrome." Plaintiff alleges that his physical incapacity and illness were the cause for his delay in filing this action. Plaintiff alleges that his damages include doctor, nursing, and hospital bills of "over $500,000" and "personal suffering etc: [$]3,000,000." *See* ECF No. 25, p. 1-3; ECF No. 22, p. 1-3; ECF No. 19, p. 3-5; ECF No. 1, p. 1-3.

Plaintiff's initial filing in this case specifically characterizes Plaintiff as "request[ing] permission of the court to file a late claim against the State of South Carolina pursuant to the provision of the Court of Claims Act." *See* ECF No. 1, p. 1. There is no "Court of Claims" formally designated as such, in South Carolina's uniform court system. This statement in Plaintiff's Complaint appears to be an erroneous reference to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 *et seq.*, pursuant to which the State of South Carolina has not consented to any waiver

3

of its Eleventh Amendment immunity that would allow Plaintiff to file a South Carolina Tort Claims Act claim in this federal court. *See* S.C. Code § 15-78-20(e); *McCall v. Batson*, 285 S.C. 243, 329 S.E. 2d 741, 743 (1985).[2]

Plaintiff's Complaint may also be liberally construed as an attempt to state a claim, pursuant to 42 U.S.C. § 1983, for violation of Plaintiff's constitutional rights, based on the above factual allegations.

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed because the only defendant named is immune from suit. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment

---

[2] Pursuant to S.C. Code § 15-78-110, there is a two-year statute of limitations on claims brought under the South Carolina Tort Claims Act. Other provisions of the Act impose specific requirements for filing an action, limitations on liability, and prohibitions against recovery of punitive damages.

immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99. However, as noted above, the State of South Carolina has not consented to such actions. Section 15-78-20(e) of the South Carolina Code of Laws, *i.e.* the South Carolina Tort Claims Act, expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See McCall v. Batson*, 285 S.C. 243, 329 S.E. 2d 741, 743 (1985). If Plaintiff intends to pursue a claim against the State of South Carolina, under the South Carolina Tort Claims Act, he may do so only in state court. Consequently, Plaintiff's Complaint filed in this Court against the State of South Carolina is barred by the Eleventh Amendment.

To the extent that Plaintiff's Complaint attempts to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. New York City Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his or her official capacity is a "person" for purposes of a § 1983 damages action. *Will*, 491 U.S. at 71. *See Edelman v. Jordan*,

5

415 U.S. 651, 663 (1974) (when a state is the real party in interest because damages are sought from it, the state is entitled to protection from award by sovereign immunity). State officials sued in their official capacities "assume the identity of the government that employs them," and, thus, are not "persons" under the meaning of § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Furthermore, negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). Consequently, Plaintiff's Complaint fails to state a plausible claim, under § 1983, because the State of South Carolina is not a "person" and is immune from the monetary relief that Plaintiff seeks in this action, and because negligence is not actionable.

Plaintiff is also barred from asserting a § 1983 claim against the State of South Carolina in this case by the doctrine of *res judicata*. The Court takes judicial notice that Plaintiff previously brought a § 1983 claim in this Court involving the same incidents and issues, in which this Court granted the defendants' motion for summary judgment and dismissed Plaintiff's complaint with prejudice.[3] Plaintiff appealed the decision in that case to the Fourth Circuit, which affirmed. *See Lewis v. Eagleton*, C/A No. 4:08-2800-GRA-TER (D.S.C.), 2010 U.S. Dist. LEXIS 17534, 2010 WL 755636, affirmed, 404 Fed. Appx. 740, 2010 U.S. App. LEXIS 25311, 2010 WL 5093911 (4th Cir.

---

[3] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). In *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit commented: "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."

S.C., Dec. 9, 2010). In Plaintiff's previous case he complained that the defendants[4] were deliberately indifferent to his serious medical needs and that they failed to protect him from an excessive risk to his safety. Plaintiff also asserted a state law claim for medical malpractice. Plaintiff's claim in the instant case is barred by the doctrine of *res judicata* because this claim could have been litigated in the previous case, along with the matters that were actually litigated in the previous case. *See Orca Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002).[5]

### RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d

---

[4] In C/A No. 4:08-2800-GRA-TER, Plaintiff names as defendants, the South Carolina Department of Corrections (which was summarily dismissed based on its Eleventh Amendment immunity), Warden Eagleton, Associate Warden Chavis, Ms. Weatherford, Officer Matthews, Mr. Spires, Lt. Hipp, Ms, Hage, Nurse Supervisor, Officer Cyress, and ECI Medical Staff.

[5] Under Rule 8(c) of the Federal Rules of Civil Procedure, the doctrine of *res judicata* and the statute of limitations are affirmative defenses, which are subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), citing *Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted).

at 74; *see also* 28 U.S.C. §§ 1915(e)(2)(B); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

                                        s/Thomas E. Rogers, III  
December 19, 2011                            Thomas E. Rogers, III  
Florence, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).