UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Samuel J. Lewis,  )<br>*a.k.a. Samuel Jerome Lewis*,  )<br>*a.k.a. Sammy Jerome Lewis*, #140863,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>The State of South Carolina,  )<br>  )<br>Defendant.  )<br>_____)  | CA. No: 4:11-cv-2450-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States the Report and Recommendation by Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.01 of the District of South Carolina, and filed on December 19, 2011. Plaintiff Samuel J. Lewis, also known as Samuel Jerome Lewis and Sammy Jerome Lewis, # 140863 ("Plaintiff") is a state prisoner currently incarcerated at the Evans Correctional Institution in Bennettsville, South Carolina. He was convicted of first degree criminal sexual conduct, and sentenced to life imprisonment. Plaintiff filed this action *pro se* on September 13, 2011, pursuant to the South Carolina Tort Claims Act and 42 U.S.C. § 1983, liberally construed by this Court.[1] *See* ECF No. 1. Plaintiff alleges

---

[1] Plaintiff's initial Complaint characterizes the action against the State of South Carolina as "pursuant to the provision of the Court of Claims Act." *See* ECF No. 1. There is no "Court of

that Defendant and its agents were deliberately indifferent to his serious medical needs and failed to protect him from an excessive risk to his safety. Under established procedure in this judicial district, Magistrate Judge Rogers made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Magistrate Judge Rogers recommends that this Court dismiss Plaintiff's Complaint without prejudice and without issuance of service of process. *See* Report and Recommendation, ECF No. 29. Plaintiff filed a timely Objection to the magistrate judge's Report and Recommendation on January 4, 2012. *See* ECF No. 32. For the reasons discussed herein, this Court adopts the magistrate's Report and Recommendation in its entirety, DISMISSES Plaintiff's Complaint without prejudice and without issuance of service of process.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal

---

Claims Act" in South Carolina; therefore, this statement appears to be an erroneous reference to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 *et seq.*, and is liberally construed as such.

arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

## Discussion

### I. Report and Recommendation

Magistrate Judge Rogers recommends dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A because the Complaint fails to state a claim upon which relief may be granted. *See* ECF No. 29. The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**II. Plaintiff's Objections to Magistrate's Report and Recommendation**

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See Schronce*, 727 F.2d at 94 & n.4. In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Plaintiff filed timely objections on January 4, 2012. *See* ECF No. 32.

Plaintiff filed a five page document with two pages of exhibits with this Court containing "objections" that reference the magistrate's Report and Recommendation. Upon review, the court finds that most of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate Plaintiff's claims in his Complaint.

This Court is not required to respond to Plaintiff's general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *see Camby*, 718 F.2d at 199. Therefore, this Court declines to rule on Plaintiff's general objections.

In addition, Plaintiff's objections address the individuals Plaintiff sought to add to the action in the Motion to Amend or Correct, which this Court denied on April 12, 2012. *See* ECF No. 38. As this Court has already addressed this matter, this Court declines to comment any further on any of Plaintiff's objections regarding those parties in their individual capacity. Accordingly, this Court will only address objections as they relate to the defendant, the State of South Carolina.

Applying the requisite liberal standard to the Plaintiff's *pro se* objections this Court finds that Plaintiff filed one specific objection. Plaintiff objects to the dismissal of this case arguing that if the complaint is deemed frivolous under § 1915(d), the court should have provided Plaintiff with the opportunity to amend the complaint and include defendants in their individual capacity. This Court previously denied Plaintiff's Motion to Amend and declines to address this matter any further.

### Conclusion

After reviewing the record, Plaintiff's Objection, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles

to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED without prejudice and without issuance of service of process pursuant to 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April 13 , 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.